UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD A. COWANS,

Plaintiff,

DECISION AND ORDER

14-CV-6202L

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

On March 9 and April 21, 2011, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income under Title XVI of the Social Security Act. Plaintiff alleged an inability to work since November 5, 2006. (T. 18). His applications were initially denied. Plaintiff requested a hearing, which was held July 30, 2012 before Administrative Law Judge ("ALJ") John P. Costello. The ALJ issued an unfavorable decision on August 23, 2012, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on March 24, 2014 (T. 1-3). Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).   For the reasons set forth below, the Commissioner's cross motion (Dkt. #17) is granted, plaintiff's motion (Dkt. #12) is denied, and the complaint is dismissed.

DISCUSSION

An ALJ proceeds though a five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  See 20 CFR §404.1520(b).  If so, the claimant is not disabled. If not, then the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."   If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.   If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits her to perform the requirements of his past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (*quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'"  *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting  Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)).  Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference is not owed to the Commissioner's conclusions of law.  *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984).  This Court must independently determine

if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled.  "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112.  Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987).  *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

The ALJ's decision discusses the exertional and nonexertional bases for plaintiff's claim of disability in detail, and identifies the record evidence supporting each of his findings.  Upon a full review of the record, I believe that the ALJ applied the correct legal standards.

I also find that substantial evidence supports the ALJ's conclusion that plaintiff, then a thirty-nine-year-old man with a high school education plus 2 years of college, and past relevant work as a taxi driver, cashier, grocery store front end coordinator, and convenience store manager, was not disabled, due to the ALJ's finding that the plaintiff was capable of performing sedentary work, with the following limitations: no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling, and the ability to alternate positions every 45 minutes.  (T. 21).  When presented with this RFC, vocational expert Julie Andrews testified that plaintiff could perform the positions of counter clerk and label pinker, and/or return to his previous work as a cashier.  (T. 27).

Plaintiff's treatment records reflect a history of neck, back and joint pain, recurrent headaches, and multiple automobile accidents.  Initially, plaintiff argues that the record contains new and material evidence that the ALJ did not consider.  These records pertain to plaintiff's claim of disability for a period prior to February 4, 2011, which the ALJ did not revisit, citing *res judicata*, because it had already been adjudicated.  (T. 18, 68-69).  The "new and material"

records that plaintiff argues the ALJ failed to consider consist primarily of two February 2011

treatment notes by nurse practitioner Carlise Gross.  (T. 993-997).

It is unclear whether the ALJ failed to review that evidence in considering plaintiff's

instant disability claim, or whether he considered it but did not expressly mention it in his

decision.  However, I find that even assuming *arguendo* that the ALJ failed to consider Ms.

Gross's treatment notes and that such failure was erroneous, any such error is harmless.  Ms.

Gross's treatment notes, which describe her treatment of plaintiff for back and neck pain, do not

support plaintiff's claim of total disability.  On examination, Ms. Gross found that plaintiff's

spine exhibited some tenderness and pain with flexion (on one visit, but not the next), and noted

that his gait and balance were intact and that his sensory and motor functions were normal, and

that leg raising tests were negative.  On a subsequent visit on March 8, 2012, Ms. Gross again

noted that plaintiff's spine was tender, but that his flexion was normal and straight leg raising

tests were negative. (T. 997-98).  These assessments are consistent with the evidence that was

previously considered and with the ALJ's prior findings.  Their introduction did not merit a

reopening of plaintiff's prior applications.

Plaintiff also argues that the ALJ's RFC finding is unsupported by substantial evidence of

record, and that the ALJ failed to follow the treating physician rule.  (Dkt. #12-1 at 30).

Specifically, plaintiff contends that the ALJ failed to incorporate, or grant controlling weight to,

the October 2011 opinion of plaintiff's treating physician, Dr. Eman Wahba, which opined that

plaintiff was "very limited" (meaning, able to perform only 1-2 hours per day) in the functions of

walking, standing, sitting, pushing, pulling, bending, lifting and carrying.  (T. 962-64).

I find that the ALJ's failure to grant controlling weigh to the opinion of Dr. Wahba was

not erroneous.  It is well-settled that the medical opinion of a claimant's treating physician is

given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence. *See Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d). Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

The ALJ considered the appropriate factors, noting that the record established that plaintiff primarily treated with specialists for his back and neck pain, and saw Dr. Wahba only occasionally, and that Dr. Wahba's opinion was inconsistent with plaintiff's diagnoses and other evidence of record, including Dr. Wahba's own treatment notes and examination findings, and functional assessments completed by Dr. Wahba during the prior year. (T. 25, 816-819, 848-53).

I concur, and further note that Dr. Wahba's October 2011 assessment of plaintiff's functional limitations appears internally inconsistent. Dr. Wahba rated plaintiff's gait, walking, and squatting abilities as "normal" upon examination, but nonetheless opined, without explanation, that plaintiff was unable to walk, stand, or sit for more than 1-2 hours in an 8-hour workday. (T. 963-64). Moreover, the RFC determined by the ALJ is consistent with plaintiff's longitudinal history of largely unremarkable examination findings by Dr. Wahba and other physicians, which show back and neck pain, and headaches, resulting in only slightly diminished range of motion in the neck and spine, intact gait and balance, symmetrical reflexes, no loss of sensation or coordination, and no muscle weakness, as well as plaintiff's self-reported daily

Case 6:14-cv-06202-DGL   Document 20   Filed 03/18/16   Page 7 of 7

activities, including shopping and caring for his four children.  (T. 865-868, 929, 935-38, 963-64, 971, 987, 992, 998, 1001, 1005).

I have considered the remainder of plaintiff's arguments, including plaintiff's assertion that the ALJ erred in finding plaintiff's subjective complaints of pain to lack credibility, and find them to be without merit.  I find that the record formed an adequate basis upon which the ALJ could determine plaintiff's claim of disability, that the ALJ's determination of plaintiff's RFC is well-supported, and that the ALJ properly relied on testimony by a vocational expert that plaintiff's RFC permitted him to perform one or more positions existing at significant numbers in the local economy, including plaintiff's past relevant work as a cashier.

Based on the foregoing, I believe the ALJ followed the proper procedures and that his decision is supported by substantial evidence.

CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied.  The Commissioner's decision that plaintiff, Richard A. Cowans, was not disabled, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        March 18, 2016.